**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Antoine Lavelle Simmons,<br>Plaintiff<br>-vs-<br>Ryan Thornell, et al.,<br>Defendants. | CV-23-1620-PHX-DJH (JFM)<br><br>**Report & Recommendation** |

This matter is before the undersigned magistrate judge on referral for pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1).  Because the appropriate resolution of this matter is dispositive of claims or defenses, the undersigned proceeds by way of a Report & Recommendation to the referring district judge, pursuant to 28 U.S.C. § 636(b)(1)(B).

**Background** – On August 10, 2023 Plaintiff filed a *pro se* Prisoner Civil Rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) raising various claims. In post-screening Count 7, Plaintiff asserts an Eight Amendment sexual assault claim against Defendant Sanchez.   (*See* Screening Order 2/22/24, Doc. 15.)

On June 4, 2024, the Court issued a Scheduling Order pursuant to Federal Rule of Civil Procedure 16(b), which *inter alia* directed the parties to file independent case management reports (ICMR) by June 25, 2024. (Order 6/4/24, Doc. 23 at 8, ¶ 4.1.)  That Order cautioned:

> Failure to comply with this procedure for independent case management reports can result in sanctions, up to and including dismissal of this action. See Fed. R. Civ. Proc. 16(f)

(Order 6/24/24, Doc. 23 at 9, ¶ 4.5.)

Plaintiff did not comply, and on July 3, 2024 Plaintiff was given through July 16, 2024 to either comply or file a response showing cause why sanctions should not be imposed pursuant to Federal Rules of Civil Procedure 16(f) and 37(f), and why this case

- 1 -

should not be dismissed for failure to comply with the Court's orders and failure to prosecute.  (Order 7/3/24, Doc. 29.)  Plaintiff has neither filed his ICMR, nor shown cause for his failure to do so.

**Plaintiff's Failures** - The undersigned finds that Plaintiff has failed to comply with the Court's orders to: (1) file his ICMR; and (2) respond to the Order to Show Cause. Moreover, because these failings reflect not defects in adherence, but a failure to adhere by performing specific actions necessary to the prosecution of the case, the undersigned finds that Plaintiff has failed to prosecute this case.

**Failure to Comply With Orders** –Federal Rule of Civil Procedure 16(f) provides:

> **(1) In General.** On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
> (A) fails to appear at a scheduling or other pretrial conference;
> (B) is substantially unprepared to participate--or does not participate in good faith--in the conference; or
> (C) fails to obey a scheduling or other pretrial order.
> **(2) Imposing Fees and Costs.** Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses--including attorney's fees--incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f).  The referenced sanctions include:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).[1]

Rule 37(b)(2)(A)(v) permits as a sanction "dismissing the action or proceeding in

---

[1] Rule 37(f) also provides that "[i]f a party or its attorney fails to participate in good faith in developing and submitting a proposed discovery plan as required by Rule 26(f), the court may, after giving an opportunity to be heard, require that party or attorney to pay to any other party the reasonable expenses, including attorney's fees, caused by the failure."

whole or in part."  Such a sanction, if justified, is appropriate for failure to participate in pretrial planning as ordered.  *See Nascimento v. Dummer,* 508 F.3d 905, 909 (9th Cir. 2007).

The Ninth Circuit has adopted a multi-factor analysis for applying such a sanction:

> We have constructed a five-part test, with three subparts to the fifth part, to determine whether a case-dispositive sanction under Rule 37(b)(2) is just: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions. This "test" is not mechanical. It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow.

*Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills,* 482 F.3d 1091, 1096 (9th Cir. 2007).  "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction.  Thus the key factors are prejudice and availability of lesser sanctions."  *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

**Failure to Prosecute** - Moreover, Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.,* 587 F.2d 27, 29 (9th Cir. 1978).  *See also* Fed. R. Civ. P. 41(b) (dismissal for failure to prosecute); *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (authority of a court to dismiss sua sponte under Rule 41(b) for lack of prosecution); and *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-1261 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the same five factors relevant to a dismissal under Rule 37(b)(2)(A)(v), *i.e.*: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic

sanctions." *Carey*, 856 F.2d at 1440 (*quoting Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction.  Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

**Dismissal is Appropriate Sanction** - Here, the first (expeditiousness), second (management), and third (prejudice) factors favor dismissal of this case.  Plaintiff's failure to participate in the discovery planning process and failure to respond to the Court's Order to Show Cause indicate that Plaintiff is content to let the case languish and/or be dismissed. The same things prevent this Court from effectively managing its docket.

The fourth factor (merits decision), as always, weighs against dismissal.

The fifth factor (alternatives) requires the Court to consider whether a less drastic alternative is available, attempted, and has the party was warned. Plaintiff was warned in the Scheduling Order and the Order to Show Cause about the risk of dismissal, and the latter sought Plaintiff's explanation to permit an attempt to address matters necessary to moving the case forward.  Plaintiff's in forma pauperis status and unwillingness to even respond to the Court, and the pervasive impact of his failure to participate in the planning process, indicate that meaningful sanctions less drastic than dismissal are not available. For example, monetary sanctions will likely be unenforceable, partial limitations in evidence or claims would be arbitrary and would likely result in evisceration of the claims.

The undersigned concludes that only one less drastic sanction is realistically available.  In the instant case, and in the absence of a showing that Plaintiff's actions are the result of an intent to obtain unfair advantage (as opposed to simply abandoning the case) the undersigned finds that a dismissal with prejudice would be unnecessarily harsh. This action should therefore be dismissed without prejudice.

**IT IS THEREFORE RECOMMENDED:**

(A)  The reference of this case to the magistrate judge be **WITHDRAWN**.

(B)  Pursuant to Rules 16(f) and 41(b) of the Federal Rules of Civil Procedure this action

be **DISMISSED WITHOUT PREJUDICE**.

(C) The Clerk of the Court be directed to enter judgment accordingly.

### EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72, Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: July 22, 2024

23-1620r RR 24 07 22 re FTP ICMR.docx

James F. Metcalf
United States Magistrate Judge

- 5 -